IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PATENT ARMORY INC.,                 §
                                    §
            Plaintiff,              §
                                    §
V.                                  §          No. 3:24-cv-3173-L-BN
                                    §
LIKEWIZE CORP.,                     §
                                    §
            Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patent Armory Inc. filed a complaint for patent infringement in the Dallas Division of this district against Defendant Likewize Corp., alleged to be a Delaware corporation "that maintains an established place of business at 1900 W Kirkwood Blvd, Suite 1600C, Southlake, TX 76092." Dkt. No. 1 at 1.

United States District Judge Sam A. Lindsay referred this suit to the undersigned United States magistrate judge for pretrial management for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 9.

And, because the alleged crucial connection between this lawsuit and this district is that the defendant has a place of business in Southlake, at an address that falls in Tarrant County, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* transfer this case to the Fort Worth Division of this district.

**Discussion**

"Venue in a patent infringement action is governed by a special patent venue

statute, which provides that a patent infringement case may be brought in the judicial district where (1) the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 606 (N.D. Tex. 2017) (citing 28 U.S.C. § 1400(b)).

"[F]or purposes of the patent venue statute, a domestic corporation 'resides' only in its state of incorporation." *Id.* (citing *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017)).

So, because Patent Armory alleges that Likewize is a Delaware corporation, "venue is proper in this district only if [Likewize] (a) has committed acts of infringement in this district ***and*** (b) has a regular and established place of business in this district." *Id.* (emphasis in original; citation omitted).

And, while Patent Armory alleges, as to venue specifically, that Likewize "has committed acts of patent infringement in this District, and [it] has suffered harm in this district," Dkt. No. 1, ¶ 7, Likewize's sole alleged established place of business in this district is not in the division where Patent Armory filed its lawsuit.

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a).

And a district court may raise the propriety of venue on its own motion. *See*

*Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

To start, even if venue is proper in the Dallas Division, because this action could have been filed in the Fort Worth Division, it is eligible to be transferred there under Section 1404(a).

And, as Judge Lindsay has held in similar contexts, where it's alleged that the Fort Worth Division, as opposed to the Dallas Division, has a local interest in a lawsuit, and "most of the section 1404(a) factors are neutral as between the Dallas and Fort Worth Divisions, but none of the factors favor maintaining [a] newly filed case in the Dallas Division," a lawsuit should be transferred, in the interest of justice, to the Fort Worth Division. *Kirkpatrick v. ARM WNY LLC*, No. 3:15-CV-1818-L, 2015 WL 3539604, at *2 (N.D. Tex. June 5, 2015) (transferring to the Fort Worth Division a lawsuit under Fair Debt Collection Practices Act that could have been filed in any division in this district where the plaintiff "allege[d] that he resides in Fort Worth and that the events giving rise to this lawsuit occurred in the Northern District of Texas, where he resides or resided at the time of the events in question"); *see also id.* at *3 ("[I]f the events giving rise to this action occurred in Fort Worth, the local interest in having localized interests decided at home – as well as, to a lesser extent, the factors addressing the relative ease of access to sources of proof and the cost of willing witnesses' attendance – favor transfer to the Fort Worth Division." (cleaned up)); *accord United States v. Sig Sauer (Sig-Arms) MPX-P Pistol*, No. 3:18-cv-941-L,

2018 WL 11434592 (N.D. Tex. Apr. 30, 2018) (transferring to the Fort Worth Division an in rem civil forfeiture action where the plaintiff resided in Fort Worth); *Davis v. U.S. Bank, N.A.*, No. 3:12-cv-2756-L, 2012 WL 9334546 (N.D. Tex. Aug. 16, 2012) ("Because the property, Plaintiff, and at least one defendant are all located in Tarrant County, the more likely convenient venue is in the Fort Worth Division of the Northern District of Texas.").

In sum, the Court should *sua sponte* transfer this lawsuit to the Fort Worth Division of this district.

## Recommendation

The Court should *sua sponte* transfer this lawsuit to the Fort Worth Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: January 8, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE